IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CENTRAL LABORERS' PENSION, WELFARE
AND ANNUITY FUNDS,

    Plaintiff,

  v.

GROUNDWORKS CONTRACTING, INC. and
JASON RICHTER,

    Defendants.

Case No. 19-cv-928-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff's Petition for Rule to Show Cause (Doc. 20). On December 23, 2019, the Court ordered "the defendants to turn over the relevant payroll records to the plaintiff on or before January 31, 2020, for the purposes of an audit to determine the amount of delinquent contributions and liquidated damages." Order 1-2 (Doc. 19). The plaintiff has informed the Court that the defendants have not delivered the relevant payroll records as ordered. Accordingly, they seek an order to show cause why the defendants should not be held in contempt of court for failure to obey an order of the Court.

A civil contempt order is "designed primarily to coerce the contemnor into complying with the court's demands." *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002). A party can be held in civil contempt if the party seeking contempt proves (1) there was a decree from the Court (including a subpoena) that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

Upon review of the Court's December 23, 2019, order (Doc. 19), the Court believes it is not specific enough in detail to support a finding of contempt. Specifically, the order commands the defendants to turn over the "relevant payroll records" without specifically stating what those records are. Accordingly, the Court will issue a specific order now and **DENY** the petition for an order to show cause (Doc. 20).

The Court **ORDERS** that, on or before February 28, 2020, the defendants turn over to the plaintiff their payroll records for the period of December 1, 2016, to the present for all participants in the Central Laborers' Pension, Welfare and Annuity Funds at any time during that period. The Court further extends the time for the plaintiff to file a supplement to its motion for default judgment to April 24, 2020. The defendants shall have ten days from the service of the supplement to respond. The Court further **ORDERS** the plaintiff to mail a copy of this order and its forthcoming supplement to each of the defendants at their last known address and to certify that such service has been accomplished.

**SO ORDERED.**
**DATED: February 6, 2020**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**